### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. DONAHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-20-744-R |
| ) | Age claim arising in |
| COMPLETE ENERGY SERVICES, INC., ) | Oklahoma County, Oklahoma |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

### PARTIES

1. The Plaintiff is David L. Donaho, an adult resident of Maysville, Oklahoma, in Garvin County.

2. The Defendant is Complete Energy Services, Inc., a corporation with its headquarters at 4727 Gaillardia Parkway, Suite 250, Oklahoma City, Okla.

### JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age discrimination as prohibited by the ADEA and the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. 626(c) and 28 U.S.C. § 1331. Plaintiff also asserts state law claims arising out of the same core of facts and jurisdiction over such claims is provided by 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma City, Oklahoma, and the Defendant may be served in that city and county. Oklahoma County is located in the Western District of the United States District Court for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Plaintiff an adult male over forty (40) years of age who was employed by the Defendant from approximately January, 2003 until his wrongful termination on or about March 25, 2020.

6. The Defendant does business throughout Oklahoma and has a headquarters in Oklahoma City, Oklahoma.

7. At all times, the Defendant employed more than twenty (20) employees during each calendar week of 2019 and 2020.

8. Plaintiff's' job at the time of his wrongful termination was Salt Water Disposal Operator.

9. On or about March 25, 2020, Plaintiff was given a notice of his termination and was presented with a separation package. The Defendant's separation package showed Respondent terminating the two oldest employees in Plaintiff's job category, and retaining five other employees all of whom were younger than Plaintiff and two of whom were twenty years younger than Plaintiff.

10. Plaintiff was satisfactorily performing his job, and had trained at least three of the younger employees on pump operations. All of the employees retained have less seniority and experience than Plaintiff.

11. At the time of Plaintiff's termination, Defendant was hiring persons into truck driver positions which Plaintiff was qualified to fill. Plaintiff asked his supervisor if Plaintiff could move into a truck driver position and was told that was not allowed.

12. Plaintiff was discriminated against by being terminated instead of younger, less qualified employees and by being denied the opportunity to move into one of the open truck driver positions.

13. As the direct result of Defendant's discriminatory treatment, Plaintiff has suffered lost earnings and benefits with such losses continuing through the present.

14. Because Defendant's action was a willful violation of Plaintiff's state and federally protected right to be free of age discrimination, Plaintiff is entitled to an award of liquidated damages under the ADEA in an amount of Plaintiff's wage and benefit loss through trial.

15. Plaintiff is also entitled to the same award of liquidated damages under state law without any requirement to prove the violation was willful.

16. Plaintiff timely filed a charge of discrimination with the EEOC alleging age discrimination. This charge was filed on or about April 22, 2020, which was less than a month after Plaintiff's termination. Plaintiff was required to wait at least sixty (60) days from the filing of that charge before bring this suit, and Plaintiff waited the requisite time thereby exhausting all of his administrative requisites.

**WHEREFORE,** Plaintiff prays that he be awarded his actual and liquidated damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 30TH DAY OF JULY, 2020.**

    HAMMONS, HURST & ASSOCIATES

    s/ Mark Hammons
    Mark Hammons, OBA No. 3784
    Amber L. Hurst, OBA No. 21231
    325 Dean A. McGee Avenue
    Oklahoma City, Oklahoma 73102
    Telephone: (405) 235-6100
    Facsimile: (405) 235-6111
    amberashby@hammonslaw.com
    *Counsel for Plaintiff*
    Attorney Lien Claimed
    Jury Trial Demanded